UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY W. DEMARS,

                 Plaintiff,                    Case Number 11-15394
                                                  Honorable David M. Lawson
v.                                             Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION FOR SUMMARY, JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, REVERSING THE FINDINGS OF THE COMMISSIONER, AND REMANDING THE CASE TO THE COMMISSION FOR AN AWARD OF BENEFITS

The plaintiff filed the present action on December 8, 2011 seeking review of the Commissioner's decision denying the plaintiff's claims for a period of disability under Titles II and XVI of the Social Security Act for disability insurance benefits and supplemental security income, respectively. The case was referred to United States Magistrate Judge R. Steven Whalen pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and award him benefits. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Whalen filed a report on February 4, 2013 recommending that the plaintiff's motion for summary judgment be granted, the defendant's motion for summary judgment be denied, and the matter be remanded to the Commissioner for an award of benefits. The defendant filed timely objections to the recommendation and the plaintiff filed a response to the objections. This matter is now before the Court.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, and the plaintiff's objections and has made a *de novo* review of the administrative record in light of the parties' submissions.

The plaintiff, who is now fifty-five years old, filed his application for disability insurance benefits and for supplemental security income on March 25, 2008 when he was fifty. The plaintiff completed the eleventh grade and two years of vocational education, and he previously worked as a welder. The plaintiff last worked in 2006 and stopped working when he became unable to focus

-2-

on his assigned tasks as a welder.  He alleges a disability onset date of January 30, 2008.  The plaintiff has been diagnosed with anxiety, depression, major depressive and panic disorders, post-traumatic stress disorder, bipolar disorder, chronic back pain, and opiate dependency.  The plaintiff takes Cymbalata, Depakote, Ambien, and Klonopin for his psychological conditions; Minocycline for rosacea; and Zantac for GERD.

On April 5, 2007, the plaintiff filed his first claim for disability benefits, alleging that he became disabled on March 7, 2005.  On January 29, 2008, that claim was denied by Administrative law judge (ALJ) Henry Perez.  On March 25, 2008, the plaintiff filed his second claim for disability benefits, alleging that he became disabled on January 30, 2008.  That claim was initially denied, and the plaintiff made a timely request for an administrative hearing.  On September 21, 2009, the plaintiff appeared before ALJ John Dodson.  On January 20, 2010, ALJ Dodson adopted ALJ Perez's findings from the denial of plaintiff's first claim and found the plaintiff not disabled.  On September 22, 2010, the Appeals Council denied review of the ALJ's decision, finding that additional evidence submitted after the January 20, 2010 decision did not provide any basis for granting review.  On November 3, 2011, the Appeals Council denied the plaintiff's September 22, 2010 request to reopen his case.  The Council found that evidence the plaintiff submitted regarding his treatment by a psychiatrist on March 28, 2011 was not relevant to a determination of whether he was disabled on or before January 20, 2010.  However, the Council noted that the evidence had been considered in the context of a subsequent claim alleging disability beginning on January 21, 2010, which was granted on January 19, 2011.

As noted above, the plaintiff appeared before ALJ Dodson on September 21, 2009.  On January 20, 2010, ALJ Dodson found that the plaintiff was not disabled.  ALJ Dodson reached that

-3-

conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520, 416.920.  He found that the plaintiff had not engaged in substantial gainful activity since January 30, 2008 (step one); the plaintiff suffered from panic disorder, major depressive disorder, and post-traumatic stress disorder, impairments which were "severe" within the meaning of the Social Security Act (step two); none of these impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff could not perform his previous work as a welder, which the ALJ found to be skilled work that required heavy exertion (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform a limited range of work at the medium exertional level.  The ALJ found that the plaintiff had the following nonexertional limitations: he was restricted to jobs that would not expose him to unprotected heights or dangerous machinery, and he could have only occasional contact with the public and occasional interaction with coworkers and supervisors.  A vocational expert testified that there was work in the national and local economies that fit within those limitations, and the plaintiff would be able to perform work at a medium exertional level, including representative occupations such as janitorial cleaning and yard work.  The expert testified that there are around 50,000 such jobs in Southeast Michigan and 100,000 such jobs in the state.  Based on those findings and using Medical Vocational Rule 203.19 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.  Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on September 22, 2010, concluding that treatment records from a psychiatrist in March 2011 were not relevant to the question of the plaintiff's disability in January 2010.

-4-

The magistrate judge concluded that the materials the plaintiff had submitted to the Appeals Council supported a remand to the Commissioner under sentence six of 42 U.S.C. § 402(g) for further consideration.  However, the magistrate judge also determined that substantial evidence did not support the ALJ's non-disability determination, which focused on new evidence submitted after the first disability denial by a previous ALJ.  Instead, the magistrate judge found that the ALJ failed to account for moderate deficiencies in concentration, persistence, and pace when he posed his hypothetical question to the vocational expert, and therefore reversible error was committed under *Edwards v. Barnhart*, 383 F. Supp. 2d 920, 931 (E.D. Mich. 2005).  Moreover, the magistrate judge found that the ALJ's determination of the plaintiff's residual functional capacity was entirely unsupported by evidence in the record, and because proof of disability was overwhelming a remand under sentence four for benefits was appropriate.

### A. Objection One

In his first objection, the Commissioner disputes the magistrate judge's finding that remand is warranted under sentence six of 42 U.S.C. § 405(g) based on certain records that the plaintiff submitted after the administrative law judge had rendered his decision.  The Commissioner argues that the magistrate judge improperly considered records that the plaintiff submitted to the appeals council on March 23, 2010, because the magistrate judge concluded without elaboration that the records were "new and material," but the plaintiff has provided no basis for that conclusion.

This objection, however, is rendered moot by the magistrate judge's conclusion that the case must be remanded under sentence four of section 405(g), with which this Court agrees.  Because substantial evidence did not support the ALJ's non-disability finding, a remand under sentence four is the appropriate course here.  Where proof of disability is strong and significant evidence to the

-5-

contrary is lacking, the Commissioner's decision should be reversed and the Court is empowered to remand for an award of benefits. *Mowery v. Heckler,* 771 F.2d 966, 973 (6th Cir. 1985). A sentence six remand, on the other hand, is generally used when new evidence that was not properly considered by the ALJ comes to light, and "there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 243 (6th Cir. 2002).

### B. Objection Two

In his second objection, the Commissioner contends that the ALJ reasonably determined that the plaintiff has "moderate-to-marked" problems with concentration, but that nonetheless he could still perform unskilled work despite this deficit. The Commissioner argues that the magistrate judge erred in finding that the limitation to unskilled work did not fully account for the plaintiff's condition, because a person with "marked" limitations might not be able to complete such work without extra help or supervision. The Commissioner argues that just because a person with moderate-to-marked limitations might have greater deficits does not mean that the plaintiff did in fact have them, and the record does not establish in this case that the plaintiff did. According to the defendant, the ALJ "specifically declined" to find that the plaintiff had "marked" limitations, and the record supports his finding that the plaintiff has only less severe "moderate-to-marked" difficulties.

The Court disagrees. As the magistrate judge notes, the pages of treatment notes from Dr. Best, counselor Adair (under the supervision of Dr. Sarvanada), and Dr. Magnatta, which the ALJ disregarded, establish the plaintiff's deficits in concentration. Those deficits were exacerbated by his panic attacks, one of which he actually suffered during the administrative hearing. The ALJ's

-6-

hypothetical question failed to account for those deficits, which undercuts the Commissioner's argument that substantial evidence supports the non-disability determination.  It is well established that assessment of residual functional capacity for work must be made only after all of a claimant's limitations have been taken into account.  20 C.F.R. § 416.945.  Further, a hypothetical question posed to a vocational expert must include a "complete assessment of [the claimant's] physical and mental state and should include an accurate portrayal of her individual physical and mental impairments." *Howard v. v. Comm'r of Soc. Sec.,* 276 F.3d 235, 239 (6th Cir. 2002) (internal quotes and alterations omitted) (quoting *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987)).

The ALJ's finding on the plaintiff's limitations was unreasonable, because the ALJ relied on a defective hypothetical posed to the vocational expert, where the question did not sufficiently set out the plaintiff's actual limitations.  The hypothetical that only limited the plaintiff to unskilled work with occasional contact with supervisors and the public does not account for the problems that a person with even a moderate concentration deficit might have meeting quotas, staying alert, or working at a constant pace.  *See Edwards*, 383 F. Supp. 2d at 931.

### C. Objection Three

In his third objection, the Commissioner contends that the magistrate judge misread the vocational expert's testimony where he found that "overwhelming evidence" in the record supported a conclusion that a functional limitation to one or two step tasks would eliminate all or almost all of the unskilled cleaning jobs that the expert asserted the plaintiff could perform.  According to the Commissioner, the expert testified that the plaintiff could perform cleaning jobs if limited to one or

two step tasks, and nothing in the record suggests that all cleaning jobs involve multiple step tasks, as the magistrate judge suggested.

But the ALJ himself imposed the limitation to one- or two-step tasks, so the Commissioner's contention that this limitation is not supported by "overwhelming evidence" as stated by the magistrate judge is unfounded, since the Commissioner has not challenged the ALJ's finding on this point. The vocational expert testified specifically that some of the cleaning jobs included in the numbers stated could not be characterized as involving only one- or two-step tasks. Tr. 143-44. The magistrate judge cogently observed that those numbers would have been "eroded" if that limitation were included. The Court does not believe that the magistrate judge misread the vocational expert's testimony. Because of the vocational expert's concessions, there is no definitive testimony in the record that supports a finding that there are jobs in significant numbers in the local or regional economy that the plaintiff could perform with his limitations.

### D. Objection Four

In his fourth objection, the Commissioner argues that the magistrate judge improperly relied on the conclusions of several of the plaintiff's treating physicians that the plaintiff was "disabled" and not able to work. According to the Commissioner, those conclusions are entitled to no deference, because they express a legal conclusion and not a medical opinion based on point-by-point functional analysis of the plaintiff's abilities and limitations. The Commissioner further argues that the plaintiff never challenged the weight given to his treating physician's opinions, and the plaintiff therefore has waived any argument as to what consideration they are due.

However, the magistrate judge properly considered all of the medical opinions in the record as persuasive evidence tending to show that the ALJ's decision was not supported by substantial

evidence. The magistrate judge did not defer to or adopt these medical opinions, but only considered the fact that the findings of the plaintiff's treating physicians were all inconsistent with the conclusions of the ALJ. Moreover, the ALJ did not give good reasons for rejecting those opinions. The Sixth Circuit has held that reversal is required in a Social Security disability benefits case where the ALJ rejects a treating physician's opinion as to the restrictions on a claimant's ability to work and fails to give good reasons for not giving weight to the opinion. *Wilson v. Comm'r of Social Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). In *Wilson*, the court stated that "pursuant to [20 C.F.R. § 404.1527(d)(2)], a decision denying benefits 'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.* at 544 (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996). The error is not harmless when the reviewing court is hampered by the lack of explanation and the rejected evidence could very well establish disability, as here. The Court believes that the magistrate judge was correct on this point.

## E. Objection Five

In his fifth objection, the Commissioner contends that the magistrate judge improperly found that the ALJ "discounted Plaintiff's credibility," because the plaintiff never challenged the ALJ's finding as to his credibility, and he therefore has waived any argument on this point. Not so. The magistrate judge properly undertook to evaluate the ALJ's determinations of witness credibility, including treating medical sources and non-medical sources, because the plaintiff raised the question whether substantial evidence supported the ALJ's findings, and resolving the substantial

evidence inquiry necessarily involves considering the entire record and the basis of each of the ALJ's findings.

### F. Objection Six

Finally, the Commissioner objects that even if the Court adopts the magistrate judge's finding that the ALJ's decision was not supported by substantial evidence, remand to the agency for further proceedings, rather than for an award of benefits, is the appropriate remedy, because more evidence is needed to determine what added restrictions plaintiff has and whether he can still work with those restrictions.

The Court disagrees.  As the magistrate judge observed, the Dr. Best, a long-term treating source, stated that the plaintiff was unable to perform the tasks necessary for him to complete any job on a sustained basis.  Ms. Adair, the counselor, provided the same information.  The ALJ did not give adequate reasons for discounting those opinions.  And the non-medical source, the plaintiff's parish priest, furnished information that confirmed the medical providers' opinions as well.  The ALJ's reasons for discounting the plaintiff's testimony are not logical or supported by the record. For instance, the ALJ wrote that the plaintiff attended therapy weekly, goes to church nearly every Sunday, "watches 'a lot' of television, talks on the phone, shops with a friend, and walks his dog." Tr. 20.  The ALJ concluded that "these activities require a certain level of mental functioning which seems inconsistent with the claimant's allegations regarding the severity of his impairments." *Ibid.* The ALJ's reasoning is flawed.  Television watching, dog walking, telephone conversation, and shopping "with a friend" does not require mental functioning at a even a moderate level (especially television watching) and provide little information on the plaintiff's ability to concentrate.  And that

-10-

activity offers no insight into the plaintiff's problems with panic attacks, which would render him unable to complete a sustained workday.

Once the determination has been made that the Commissioner's decision is not supported by substantial evidence, the Court must decide whether further fact-finding is required.  "[I]f all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits," this Court may remand for an award of benefits. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994).  *See also Mowery v. Heckler,* 771 F.2d 966, 973 (6th Cir. 1985) ("In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking."). The Court agrees with the magistrate judge that the record supports an award of benefits in this case.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion.  The Court has considered all of the Commissioner's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #19] is **ADOPTED**.

It is further **ORDERED** that the defendant's objections [dkt. #20] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #12] is **GRANTED**.

-11-

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #17] is

**DENIED**.  The findings of the Commissioner are **REVERSED**, and the matter is **REMANDED**

to the Commission for an award of benefits.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  March 31, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 31, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---